S97A0887. ROZIER v. THE STATE.
(485 SE2d 490)

BENHAM, Chief Justice.

Appellant Jermaine Rozier was convicted of malice murder in

connection with the death of Jim Davis.[1] On appeal, he contends only that the evidence was not sufficient to authorize the jury to return a guilty verdict. We disagree and affirm his conviction.

The State presented evidence that the victim died from blunt injuries to his head and neck. The doctor who performed the autopsy testified that the victim had sustained at least four different blows, each of which was consistent with having been inflicted with a wooden stick identified as having been in the car appellant was driving the night the victim was killed. The victim was found lying along a sandy road near tire tracks described by a GBI agent as "very similar" to tire tracks made by the car appellant was driving. Shoe impressions in the sand were identified as having been made by the brand of tennis shoe taken from appellant at the time of his arrest. A baby's photograph found near the body was identified by the owner of the car appellant was driving as one which was missing from the dashboard of his auto. Blood smears were found on the passenger seat and door jamb of the car. Appellant admitted the victim was a passenger in the car appellant was driving the night the victim was killed, and admitted that he had struck the victim on the head with a piece of wood when the victim refused to exit the car without the money he had given appellant to purchase cocaine. Appellant also admitted pulling the victim's body from the car and leaving him on the side of the road. While he stated that he had feared that the victim was carrying a gun, appellant admitted at trial that he realized the day following the victim's death that the victim could not have been concealing a gun since he was wearing only shorts and a pullover shirt. Another witness testified that appellant had said he had hit a man with a board and feared he had killed him.

The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant had killed the victim with malice aforethought. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1997.

*Straughan & Straughan, Mark W. Straughan,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

---

[1] The homicide occurred on April 25, 1996. Appellant was charged with malice murder in an indictment returned May 14, and his trial commenced on August 27, 1996. The jury returned its guilty verdict on August 28, and appellant was sentenced to life imprisonment the same day. The motion for new trial appellant filed on September 26 was denied on February 5, 1997. Appellant filed a notice of appeal the same day, and the appeal was docketed in this Court on March 10, 1997. The case was submitted for decision on briefs.

*Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.